### HERBERT BLAKE *vs.* R. S. RUSSELL.

### Penobscot. Opinion September 19, 1885.

*Pleading.*

Where an action for a statute penalty is founded on two separate statutes, the declaration will not be adjudged bad, because of the allegations "by force of the statutes," and "contrary to the form of the statutes,"—using the plural form of the word "statute."

ON EXCEPTIONS.

Debt against the treasurer of the Dexter Woolen Mills under stat. 1881, c. 79, § 4, which is in these words: "If any officer of a corporation charged by law with the duty of making and causing to be published any statement in regard to such corporation, shall neglect so to do, such officer, in addition to the penalties already provided, shall forfeit the sum of five hundred

dollars, to be recovered by action of debt, or action on the case, to the use of the person suing therefor." .

Revised Statute, 1871, c. 48, § 8 (repealed by stat. 1883, c. 195,) required treasurers of certain corporations to publish semi-annually statements of the condition of the corporation.

The defendant demurred to the declaration and the court overruled the demurrer and ordered a *respondeat ouster*. The defendant alleged exceptions to this ruling.

*Morrill Sprague*, for the plaintiff.

*Josiah Crosby*, for the defendant, contended that the demurrer should have been sustained. The action is for a violation of R. S., 1871, c. 48, § 8, and the allegation in the declaration is, " against the form of the statutes" — using " statute " in the plural. That is bad. *Penley* v. *Whitney*, 48 Maine, 351; 2 East. 333; *Butman case*, 8 Gr. 113; *Morrison* v. *Witham*, 10 Maine, 421; Hawkins, Pleas of the Crown, 3117; Oliver's Prec. 450; 3 Jacob's Fisher's Digest, 3685.

The counsel further ably argued against the constitutionality of the law creating the offense, and that giving the action *qui tam* to the plaintiff.

VIRGIN, J. The plaintiff seeks to recover a forfeiture provided by stat. 1881, c. 79, § 4. His cause of action is founded on and described in the provisions of two separate and distinct statutes. The offence consists in neglecting certain statutory requirements. The requirements are enumerated and defined in R. S., of 1871, c. 48, § 8; while the supplement of the offence, viz: the neglect, together with the forfeiture and the remedy, is prescribed in St. 1881, c. 79, § 4. Neither statute alone creates the offence. The allegations in the declaration, " by force of the statutes," etc., and " contrary to the form of the statutes," etc., are literally and technically correct. As the provisions of R. S., c. 48, § 8, have been long since repealed, and none of the penalties therein prescribed were sought to be recovered in this action, we do not consider it our duty to examine the constitutionality of its provisions. *Exceptions overruled*.

PETERS, C. J., DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.